NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN ESTUARDO CASTANEDA RIVERA, AKA Edwin Estuardo Castaneda, <br><br> Petitioner, <br><br> v. <br><br> MATTHEW G. WHITAKER, Acting Attorney General, <br><br> Respondent. | No.   17-71011 <br><br> Agency No. A074-788-534 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:     WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Edwin Estuardo Castaneda Rivera, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's order denying his motion to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen deportation proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and we review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion or violate due process in denying Castaneda Rivera's motion to reopen as untimely, where he filed his motion 19 years after his final order of deportation and failed to show due diligence after 2001 for equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1); *see Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the alien exercises due diligence in discovering such circumstances); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

We lack jurisdiction to review the BIA's decision not to reopen sua sponte where Castaneda Rivera has not shown the decision was premised on any legal or constitutional error. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Castaneda Rivera's request for a stay of deportation is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

2                                                                 17-71011